## Hori Bros. et al. *v.* United States

**No. 8008.—** ▮▮▮▮▮▮▮▮

Entry No. 3080, etc.

(Decided May 31, 1951)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.

*David N. Edelstein*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

Oliver, Chief Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated as follows between counsel for plaintiffs and the Assistant Attorney General for the United States, concerning the merchandise referred to herein:

1) That as to merchandise involved herein, marked "A" on the invoices and initialed CEC by Customs Examiner Clifton E. Clouse the market value or price, at the time of exportation, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit prices, packed.

2) That at the time of exportation there was no higher foreign value for this merchandise and that the appraisement made under authority of the Presidential proclamation published in TD 46158 was not applicable to said merchandise, based upon the decisions in RDs 4444 and 4570.

3) That the appeals herein be submitted on this stipulation, being limited to items marked "A" as aforesaid.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise represented on the invoices by the items marked "A" and initialed CEC by customs examiner Clifton E. Clouse, and that such values were the invoiced unit prices, packed. Insofar as the appeals relate to all other merchandise they are hereby dismissed.

Judgment will be rendered accordingly.